**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| MARGARET LUEBBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-04347-CV-FJG |
| | ) |
| BLUE CROSS BLUE SHIELD of TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is Defendant BlueCross BlueShield of Tennesse's ("BCBS") Motion to Dismiss Case and Strike Plaintiff's Amended Complaint (Doc. No. 25). Also, pending before the Court is the parties' Joint Status Report (Doc. No. 30).

**I.   Background**

Plaintiff commenced this cause of action in the Circuit Court of Cole County, Missouri on October 17, 2011 (Doc. No. 1). Defendant was served on November 21, 2011 (Doc. No. 1). On December 20, 2011, this case was removed to the United States District Court for the Western District of Missouri (Doc. No. 1). On February 24, 2012, Plaintiff filed an Amended Complaint (Doc. No. 19).

**II.   Defendant's Motion to Dismiss (Doc. No. 25)**

On March 16, 2012, Defendant BCBS filed the present Motion to Dismiss Case and Strike Plaintiff's Amended Complaint (Doc. No. 25). Defendant submits that Count II of Plaintiff's Amended Complaint which asserts a state law claim for negligent misrepresentation against BCBS for certain health benefits is under a group insurance plan governed exclusively by the Employee Retirement Income Security Act of 1974, as amended, 29

U.S.C. §1001, *et seq.* (ERISA) (Doc. No. 25).  As such, Defendant states that Plaintiff's claim is cognizable - if at all - only under the exclusive remedy provisions of ERISA (Doc. No. 25). Since Plaintiff has not alleged an ERISA claim against BCBS in Count II, Defendant submits Count II should be dismissed (Doc. No. 25).  Defendant also submits that Plaintiff's requests for compensatory damages and a jury trial also should be stricken from the Amended Complaint, as such relief is not available under ERISA (Doc. No. 26 & 34).  Furthermore, Defendant submits that even if Count II could be asserted under state law, in this case, Plaintiff fails to adequately plead a negligent misrepresentation claim.

Plaintiff submits that Count II should not be dismissed as Plaintiff's claim for negligent misrepresentation does not relate to an insured employee benefit plan and is, therefore, not preempted by ERISA.  Specifically, Plaintiff's claim has no forbidden connection and no prohibited reference to ERISA.  Furthermore, Plaintiff's submits that its claim for negligent misrepresentation is adequately pled so as to survive Defendant's Motion to Dismiss.  (Doc. No. 28).

ERISA, codified at 29 U.S.C. § 1001-1461, is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans.  <u>Wilson v. Zoellner</u>, 114 F.3d 713, 1715 (8th Cir. 1997).  ERISA's preemption clause provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title...

<u>Id</u> at 716.  In analyzing this clause, the Supreme Court has long acknowledged that ERISA's preemption provision is clearly expansive.  <u>Id</u>.  To determine whether a state law "relates to" an employee benefit plan and thus, is preempted by ERISA, the Supreme Court has created a two-part inquiry.  <u>Id</u>. Under this test, a law "relates to" a covered employee benefit plan if it (A) makes reference to such a plan or (B) has a connection with such a plan.  <u>Id</u>.  The Missouri state

common-law tort of negligent misrepresentation makes no reference to and functions irrespective of the existence of an ERISA plan. Id. at 716-17. In deciding whether a state law has a forbidden connection to an ERISA plan, this Court has considered the following factors:

> (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans (4) whether the state law impacts the administration of ERISA plans (5) whether the state law has an economic impact on ERISA plans (6) wehther preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power.

Id. at 717-22.

In this case, in Count II of Plaintiff's Amended Complaint, Plaintiff attempts to make a Missouri state common-law tort of negligent misrepresentation claim. As such, Count II is not preempted by ERISA on the basis of any "reference to" ERISA. Because the Missouri tort of negligent misrepresentation does not contain a prohibited "reference to" an ERISA plan, we must now determine if Plaintiff's action against Defendant has a prohibited "connection with" an ERISA plan. First, Plaintiff is suing for plan benefits. As such, allowing the negligent misrepresentation claim to proceed could negate an ERISA plan provision. Id. Second, since Defendant is being sued as a plan administrator for its actions in administration of the plan under Count II, this Count affects the relations between primary ERISA entities and has an impact on the structure of the plan. Id. Third, Defendant is being sued regarding alleged misrepresentations by its agent during the existence of the ERISA plan. As such, this could have an impact on the administration of the ERISA plan. Id. Fourth, while the costs associated with marketing and selling ERISA plans could be influenced by allowing claims to proceed against insurance agents for negligent misrepresentation, this is such an indirect economic influence on an ERISA plan that it is not a significant factor favoring preemption. Id. Finally, Missouri's efforts to prevent benefit plans from misrepresenting the contents of their wares or the scope of their services is remote from the areas in which ERISA is expressly concerned. Id. As such, this factor does not support a finding of preemption. Id.

Nonetheless, weighing these various factors together, this Court concludes that, in this case, ERISA preempts Count II of Plaintiff's Complaint which attempts to assert a state law claim for negligent misrepresentation. Accordingly, Defendant BlueCross BlueShield of Tennesse's ("BCBS") Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 25) is hereby **GRANTED**. Count II of Plaintiff's Complaint is preempted by ERISA and thus, is dismissed. As such, Plaintiff's requests for compensatory damages and a jury trial are also dismissed, as such relief is not available under ERISA.

### III.     Joint Status Report (Doc. No. 30)

On March 14, 2012, the parties submitted a Joint Proposed Scheduling Order and Discovery Plan (Doc. No. 24). In their proposal, the parties disagreed as to the scope of the present litigation. Specifically, Defendant stated in a footnote that it believes the scope of this matter is confined to a review of the administrative record, and consequently, Plaintiff is not entitled to discovery beyond the administrative record. Plaintiff stated that she disagrees and believes that broader discovery may be needed. The parties proceeded to propose additional discovery deadlines.

On April 4, 2012, the Court ordered the parties to file briefing which addressed their respective positions on the scope of this case, specifically addressing whether discovery should be confined to the administrative record (Doc. No. 29). On April 10, 2012, the parties filed a Joint Status Report which requested deferral of briefing on the scope of discovery pending the Court's ruling of Defendant's Motion to Dismiss (Doc. No. 25). Given the Court's ruling today, the parties are directed to refer to the Court's previous order requesting briefing (Doc. No. 29) and comply in accordance. Each party shall submit its brief outlining its position **on or before Wednesday, May 16, 2012.** The parties' responses to the initial briefs shall be submitted **on or before Wednesday, May 23, 2012**. **IT IS SO ORDERED**.

Date:  May 8, 2012  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge